UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLYDEN A. DAVIS<br>5204 Lynns Retreat Drive<br>Bowie, Maryland 20720<br><br>      Plaintiff,<br>v.<br><br>JOSEPH J. MAGNOLIA, INC.<br>600 Gallatin Street, N.E.<br>Washington, DC 20017<br><br>      Defendant. | Case No. 1:08-CV00290-EGS |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
THE COMPLAINT PURSUANT TO THE FEDERAL ARBITRATION ACT**

Defendant, Joseph J. Magnolia, Inc., ("Magnolia"), by and through its undersigned attorneys, pursuant to the Federal Arbitration Act ("FAA"), files a memorandum in support of its motion to dismiss the Complaint as follows:

**I. SUMMARY**

On April 20, 2006, Plaintiff signed an agreement to abide by Magnolia's Arbitration Policy. Under this policy, Plaintiff is required to arbitrate all the claims in this case. For these reasons, Magnolia respectfully requests that the Court dismiss Plaintiff's Complaint.

**II. STATEMENT OF FACTS**

Plaintiff is a former employee of Magnolia. On April 20, 2006, Plaintiff signed a "Receipt and Acknowledgment of the Magnolia Companies Employment Benefits and Guidelines Manual." ("Acknowledgement." – Exhibit 1). This Acknowledgement states:

> **Arbitration**
>
> I also acknowledge I have read and understand the Arbitration Policy contained in this Manual. I understand that Magnolia and I entered into an agreement to abide by this policy.

(Ex. 1). The Arbitration Policy, in the manual that was referred to in the Acknowledgement signed by Plaintiff, provides in pertinent part:

> [Y]ou acknowledged that you have read this Arbitration Policy and in consideration of, and as a condition of your continued at-will employment with J.J. Magnolia or Magnolia Plumbing ("Magnolia"), have agreed to abide by this Arbitration Policy. This Arbitration Policy will, if necessary, include arbitration as the final and binding means of resolving employee disputes regarding:
>
> > 1) Any adverse employment decision that substantially affects the employee's pay;
> >
> > 2) Harassment as narrowly defined under D.C. and federal employment discrimination laws;
> >
> > 3) Retaliation involving an adverse employment action against you for engaging in protected activity as defined under D.C. and federal employment discrimination laws,
> >
> > 4) Any claim relating to the termination of your employment.
>
> * * *
>
> **By signing the Acknowledgement you have agreed to arbitrate any claim including, but not limited to, claims under . . . Title VII of the Civil Rights Act of 1964; . . .the District of Columbia Human Rights Laws; . . .** or any other law or cause of action; and, any other federal, state, or local law, ordinance or regulation, or based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including attorney's fees.

(Arbitration Policy – Exhibit 2)(emphasis added). The Policy covers any adverse employment decision, discrimination, harassment, termination, claims under Title VII and claims under the D.C. Human Rights laws. (Ex. 2).

On February 20, 2008, Plaintiff filed suit alleging the Defendant made an adverse employment decision and terminated Plaintiff in violation of Title VII and the D.C. Human Rights Act.

III.     **ARGUMENT**

**The Arbitration Policy Is Enforceable As To Plaintiff's Claims Under Both Federal And District Of Columbia Law.**

The Federal Arbitration Act, 9 U.S.C §§ 1-16, creates a strong presumption in favor of enforcing arbitration agreements. The United States Supreme Court has held that:

> [A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.

*Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 US. 1, 24 (1983). The Supreme Court has also held that employment contracts and employment discrimination claims can properly be the subject of arbitration. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001); *See also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (arbitration of age discrimination claim does not forgo one's "substantive rights afforded by statute; it only submits to their resolution in an arbitral, rather than a judicial forum"). In *Circuit City*, the Supreme Court held:

> We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context.

*Circuit City*, 532 U.S. at 123. Likewise, in *Cole v. Burns Int'l Security Srvcs.*, 105 F.3d 1465, 1481 (D.C. Cir. 1997) the D.C. Circuit affirmed the dismissal under the FAA of the employee's Title VII claims. In *Cole* the plaintiff signed an arbitration agreement. *Id.* at 1469. The arbitration agreement in *Cole* covered actions related to plaintiff's "recruitment, employment with, or termination of employment." *Id.* The agreement in *Cole* included:

> Claims involving laws against discrimination whether brought under federal or state law . . .

*Id.* After Cole was terminated, Cole filed a federal court complaint alleging racial discrimination, harassment, retaliation and intentional infliction of emotional distress. *Id.* at 1469-70. The employer moved to dismiss the complaint based on the arbitration agreement. *Id.* at 1470. The Circuit Court affirmed the lower court decision to dismiss the complaint based on the arbitration agreement, reasoning:

> An employee who is made to use arbitration as a condition of employment "effectively may vindicate [his or her] statutory cause of action in the arbitral forum."

*Id.* at 1482 (*quoting Gilmer*, 500 U.S. at 28).

Here, as in *Cole*, Plaintiff signed an agreement to arbitrate all disputes regarding his employment, including termination. This agreement covers all the claims in this case. Therefore, the Complaint should be dismissed based on the arbitration agreement executed by Plaintiff and Defendant.

District of Columbia law also favors arbitration. The District of Columbia has adopted the provisions of the Uniform Arbitration Act, which acknowledges the validity of agreements to arbitrate employment disputes. *See* D.C. Code Ann. § 16-4301 ("This chapter also applies to arbitration agreements between employers and employees . . ."). Claims under the D.C. Human Rights Act are also properly the subject of arbitration. *See Booker v. Robert Half Int'l, Inc.*, 413 F.3d 77, 79 (D.C. Cir. 2005) (Affirming arbitration of claims brought under the D.C. Human Rights Act).

It is undisputed that Plaintiff agreed to arbitrate all the claims in this case. The arbitration agreement between the parties covers claims alleging violations of Title VII and/or the D.C. Human Rights Act. Therefore, Magnolia respectfully requests the

dismissal of Plaintiff's Complaint.

IV. **CONCLUSION**

For the above reasons, Magnolia respectfully requests an order dismissing the Complaint and declaring that the claims in Plaintiff's Complaint are subject to Magnolia's Arbitration Policy.

                              Respectfully submitted,

                              **JACKSON LEWIS LLP**

March 7, 2008                By: /s/ Michael N. Petkovich
                                     Michael N. Petkovich (D.C. Bar No. 456010)
                                     Andrew S. Cabana (D.C. Bar No. 489377)
                                     8614 Westwood Center Drive, Suite 950
                                     Vienna, VA 22182
                                     (703) 821-2189
                                     (703) 821-2267 [fax]
                                     petkovim@jacksonlewis.com
                                     **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify on March 7, 2008, a copy of the foregoing Defendant's *Memorandum in Support of Defendant's Motion to Dismiss* Plaintiff's Complaint was filed with the court by electronic means; opposing parties and the judge were served consistently with the instructions therein.

|  |  |
|---|---|
|  | **JACKSON LEWIS LLP** |
| March 7, 2008 | By: __/s/ Michael N. Petkovich__<br>Michael N. Petkovich (D.C. Bar No. 456010)<br>Andrew S. Cabana (D.C. Bar No. 489377)<br>8614 Westwood Center Drive, Suite 950<br>Vienna, VA 22182<br>(703) 821-2189<br>(703) 821-2267 [fax]<br>petkovim@jacksonlewis.com<br>**Attorneys for Defendant** |

# EXHIBIT 1

Case 1:08-cv-00290-EGS   Document 4-2   Filed 03/07/2008   Page 1 of 3



# Receipt and Acknowledgment
## Of
## The Magnolia Companies

## Employment Benefits and Guidelines Manual

Please read the following statements, sign below and return to Human Resources.

**Understanding and Acknowledging Receipt of the Magnolia Companies Employment Benefits and Guidelines Manual**

I have received and read a copy of the Magnolia Companies Employment Benefits and Guidelines Manual. I understand that the policies and benefits described in it are subject to change at the sole discretion of Magnolia at any time.

**At-Will Employment**
I further understand that my employment is "at will", and neither myself nor Magnolia has entered into a contract regarding any of the terms or duration of my employment, except for the arbitration policy set forth in the employee handbook. I am free to terminate my employment with Magnolia at any time, with or without reason. Likewise, Magnolia has the right to terminate my employment, or otherwise discipline, transfer, or demote me at any time, with or without reason, at the discretion of Magnolia. No employee of Magnolia can enter into an employment contract for a specified period of time, or make any agreement contrary to this policy without written approval signed by the CEO, President.

**Arbitration**
I also acknowledge I have read and understand the Arbitration Policy contained in this Manual. I understand that Magnolia and I entered into an agreement to abide by this policy.

**Confidential Information**
I am aware that during the course of my employment confidential information will be made available to me, for instance, customer lists, billing policies, case status and other related information. I understand that this information is proprietary and critical to the success of Magnolia and must not be given out or used outside of Magnolia's premises or with non-Magnolia employees. In the event of termination of

employment, whether voluntary or involuntary, I hereby agree not to utilize or exploit this information with any other individual or company.

Release of Information under the FCRA in the event that a claim of harassment is made and investigated by third parties. I understand that Magnolia is committed to preventing work place harassment of any kind. To further that goal, Magnolia may employ third party investigators to investigate any instance where allegations of harassment arises. Therefore, I understand that I may be the future subject of an investigation as a witness, complainant or alleged wrong doer. To assist Magnolia in furthering its goals of preventing harassment in the work place, I consent to the use of such third party investigators and waive any and all rights I may have to any notice of the investigation, any reports generated from the investigation and the information contained in any communication created by any investigation under the Fair Credit Reporting Act (FCRA).

_____          _____
Employee's Printed Name                  Position

_____          _____
Employee's Signature                          Date

# EXHIBIT 2

# SECTION VI: ARBITRATION POLICY

**Employee's Agreement to Arbitrate**

As an employee, by signing the Receipt and Acknowledgement of The Magnolia Companies Employment Benefits and Guidelines Manuel ("Acknowledgement") you acknowledged that you have read this Arbitration Policy and in consideration of, and as a condition of your continued at-will employment with J.J. Magnolia or Magnolia Plumbing ("Magnolia"), have agreed to abide by this Arbitration Policy. This Arbitration Policy will, if necessary, include arbitration as the final and binding means of resolving employee disputes regarding:
1) Any adverse employment decision that substantially affects the employee's pay;
2) Harassment as narrowly defined under D.C. and federal employment discrimination laws;
3) Retaliation involving an adverse employment action against you for engaging in protected activity as defined under D.C. and federal employment discrimination laws,
4) Any claim relating to the termination of your employment.

No other claims will be covered under this Arbitration Policy.

By signing the Acknowledgement you have agreed to arbitrate any claim including, but not limited to, claims under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964; the Family and Medical Leave Act; the Fair Labor Standards Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; the District of Columbia Human Rights Laws; District of Columbia Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim; District of Columbia Family and Medical Leave Act; District of Columbia Wage Payment and Collection Law; District of Columbia Minimum Wage Act; District of Columbia Smokers' Rights Law; District of Columbia Parental Leave Act; District of Columbia Rights of the Blind and Physically Disabled ("White Cane Act"); D.C. Pregnancy Anti-Discrimination Act; or any other law or cause of action; and, any other federal, state, or local law, ordinance or regulation, or based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including attorney's fees. You have agreed that you cannot be a class representative or a member of a class with respect to any dispute you may have against Magnolia that is subject to this Arbitration Policy. All claims and defenses which could be raised before a court must be raised in arbitration and the arbitrator will apply the law accordingly.

**Magnolia's Agreement to Arbitrate**

Because this Arbitration Policy is intended to resolve all your workplace law disputes between Magnolia and its employees relating to any adverse employment decision as defined above (other than as explained below), Magnolia reciprocally and in

consideration of same will initiate or participate in arbitration regarding any matter covered by this Arbitration Policy. Claims not covered by this Arbitration Policy are claims: (i) for workers' compensation benefits; (ii) for unemployment compensation benefits; (iii) for injunctive, equitable or other relief relating to unfair competition, restrictive covenant including non-compete agreements and/or use of unauthorized disclosure of trade secrets or confidential information, as to which Magnolia or you may seek and obtain relief from a court of competent jurisdiction; (iv) based upon any stock option plan currently in existence, employee benefits and/or welfare plans that contain an appeal procedure or other procedure for the resolution of disputes under the plan, and (v) brought by federal, state, or local governmental officials in criminal court against you or Magnolia.

Nothing herein will preclude you from filing a claim with or participating in any investigation conducted by any federal, state, or local government agency.

**Class Actions and Jury Waiver**

By signing the Acknowledgment, and agreeing to abide by this Arbitration Policy you waived your right to commence, be a party to, or class member in any court action against Magnolia. Of course, if any claim is found not to be subject to this Arbitration Policy and to the arbitration procedure, it will be subject to a non-jury trial in the federal or state court that has jurisdiction over the matter at the courthouse closest to the site at which you were employed by Magnolia. The case will be heard by a judge without a jury because you and Magnolia both agree to waive any right to seek or demand a jury trial and you both would prefer to have any dispute decided solely by a judge of the court, including, but not limited to, those relating to any term and condition of, or termination from, your employment with Magnolia, including, but not limited to, any of the claims enumerated in this Arbitration Policy (other than those claims explicitly excluded).

**Arbitrator's Decision is Final**

The decision or award of the arbitrator is final and binding upon the parties to the arbitration. The arbitrator has the power to award any type of legal or equitable relief available in a court of competent jurisdiction including, but not limited to, attorney's fees, to the extent such damages are available under law. Because any arbitral award may be entered as a judgment or order in any court of competent jurisdiction, any relief or recovery to which you may be entitled upon any claim (including those arising out of employment, cessation of employment, or any claim of unlawful discrimination) will be limited to that awarded by the arbitrator.

**Appeals of an Arbitrator's Decision**

A party to arbitration may file for an appeal of a decision of an arbitrator to a panel of three arbitrators (the "panel") within thirty (30) calendar days of receipt of the arbitrator's

decision. The panel to which the appeal is brought will review the arbitrator's decision as if it is a court of appellate jurisdiction reviewing a lower court's decision. To this end, either party, at its own expense, may have the arbitration transcribed. If the arbitration is not transcribed, the panel still may evaluate the arbitrator's decision based on the decision itself as well as any other evidence it deems appropriate to consider. No bond will be required in the case of an appeal. The panel will set an appropriate schedule for the briefing of the appeal and oral argument if necessary. A judgment which is not appealed may be entered in any court having jurisdiction as a final order. The award may be vacated or modified only on the grounds specified in the Federal Arbitration Act or other applicable law. An interlocutory appeal of an arbitrator's decision may be brought before a panel where an arbitrator has breached the explicit rules of this Arbitration Policy and/or a party seeks to recuse or remove an arbitrator for legally sufficient grounds.

## Applicable Time Limits

Any claim for arbitration must be filed within the statute of limitation period set forth in the applicable law/statute at issue.

Arbitration under this Arbitration Policy will be arbitrated by a single arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA"). The arbitrator must be a lawyer licensed to practice law in Washington, D.C. A copy of the AAA National Rules for the Resolution of Employment Disputes is available for you to review at the Human Resource Department. You may contact the AAA to request a copy of these rules at 140 West 51st Street, New York, New York 10020-1203, telephone no. (212) 484-3266, fax no. (212) 307-4387 or obtain them from AAA's website (www.adr.org).

## At-Will Employment

Neither the terms nor conditions described in this Arbitration Policy are intended to create a contract of employment for a specific duration of time. Employment with Magnolia is voluntarily entered into; you are free to resign at any time. Similarly, Magnolia may terminate the employment relationship at any time for any reason, with or without prior notice. Nothing contained herein or in any other statement, whether oral or written can create a contract of employment or alter the at-will nature of your employment.

## Governing Law and Interpretation

This Arbitration Policy along with your signature on the Acknowledgment, as well as all terms and conditions of your employment, will be governed by and will be interpreted in accordance with the laws of the District of Columbia, without regard to its choice or conflict of laws provisions, to create a binding arbitration agreement. If for any reason

this Arbitration Policy is declared unenforceable, a court will interpret or modify this Arbitration Policy, to the extent necessary, for it to be enforceable. If any term or provision of this Arbitration Policy is declared unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such term or provision will immediately become null and void, leaving the remainder of this Arbitration Policy in full force and effect.

Questions of arbitrability (that is whether an issue is subject to arbitration under this Arbitration Policy) will be decided by the arbitrator. Likewise, procedural questions which arise out of the dispute and bear on it final disposition are matters for the arbitrator to decide.

This Arbitration Policy may be interpreted or modified to the extent necessary for it to be enforceable and to give effect to the parties' expressed intent to create a valid and binding arbitration procedure to resolve all disputes not expressly excluded in this Arbitration Policy. In the event any provision of this Arbitration Policy is found unlawful or unenforceable and an arbitrator (or court) declines to modify this Arbitration Policy to give effect to the parties' intent to create a valid and binding arbitration agreement then the parties agree that this Arbitration Policy will be self-amending, meaning it automatically, immediately and retroactively will be amended, modified, and/or altered to be enforceable. Other than as set forth in the above provision all other modifications of this Arbitration Policy will be in writing and signed by the company's president.

### I. Consideration

You understand that you would not be employed or continue to be employed by Magnolia unless you signed the Acknowledgement and agreed to abide by this Arbitration Policy. You further understand that, as additional consideration for signing the Acknowledgement and agreeing to abide by this Arbitration Policy, Magnolia has agreed to pay all costs of arbitration charged by the AAA and to be bound by the arbitration procedure set forth in this Arbitration Policy. Other costs will be subject to Rule 54 of the Federal Rules of Civil Procedure. You knowingly, voluntarily and free from any duress or coercion signed the Acknowledgment and agreed to abide by this Arbitration Policy.