UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLYDEN A. DAVIS )
)
Plaintiff, )
)
v. )
) Case No. 1:08-CV00290-EGS
JOSEPH J. MAGNOLIA, INC. )
)
Defendant. )
)

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO
THE FEDERAL ARBITRATION ACT**

Defendant, Joseph J. Magnolia, Inc., ("Magnolia"), by and through its undersigned attorneys, files this reply in further support of its motion to dismiss the Complaint pursuant to the Federal Arbitration Act ("FAA")[1].

I.   **SUMMARY**

Counsel for Plaintiff raises three central arguments in opposition to Defendant's motion to dismiss. First, counsel for Plaintiff argues that the agreement to arbitrate is void because Plaintiff does not recall signing the Acknowledgement containing the arbitration agreement. As detailed below, as a matter of law, it is irrelevant if a party to an agreement does not recall signing the agreement. Second, counsel for Plaintiff curiously argues that Plaintiff actually does recall signing the arbitration agreement, but claims he did so under duress. In support, Plaintiff claims Defendant required Plaintiff to sign the

---

[1] Contrary to Plaintiff's assertion, Defendant relies on the FAA as the primary authority for its motion to dismiss not the D.C. Uniform Arbitration Act. (*See* Pl. Opp. p. 3, fn. 2). Nonetheless, Plaintiff is incorrect when he asserts that the Uniform Arbitration Act is no longer valid. Recently, D.C. enacted the Revised Uniform Arbitration Act, D.C. Code §§ 16-4401 *et seq.* The Revised Uniform Arbitration Act contains a savings clause which states:
> This chapter does not affect an action or proceeding commenced or right accrued before the effective date of this chapter. . . .

D.C. Code §16-4432.

1

Acknowledgement to receive his paycheck. As detailed below, even if true, these alleged facts fail to support a claim of duress. As a matter of law, a plaintiff must present evidence that defendant virtually "placed a gun at plaintiff's head" for plaintiff to prove he/she signed an agreement under duress. Clearly, holding back one paycheck - or even conditioning continued employment - on signing the arbitration agreement does not constitute duress as a matter of law. Finally, counsel for Plaintiff claims that the arbitration agreement was included in Defendant's handbook and that the entire handbook may prove that Defendant was not bound by any agreement contained in the handbook. As a matter of law, an arbitrator must resolve any challenge to the validity of the agreement as a whole – not the court.

For these reasons, as explained below, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

## II. ARGUMENT

### A. Plaintiff's Claim That He Does Not Recall Signing The Agreement To Arbitrate Is Irrelevant.

As a matter of law, a party may not avoid the obligations of a contract merely because he/she does not recall signing the agreement. For instance, in *Emeronye v. CACI International, Inc.*, 141 F. Supp. 2d 82, 85 (D.D.C. 2001), plaintiff claimed the arbitration agreement was unenforceable because she did not recall signing the agreement, and did not understand the arbitration provisions. This Court rejected plaintiff's claims, upheld the arbitration agreement and dismissed the complaint. In doing so, this Court observed:

> The 'Employment Agreement' was only two pages long. The fact that plaintiff does not recall signing the agreement, that she had other paperwork to complete or that the arbitration provision was not explained to her is insufficient to render the contract unenforceable.

*Id.* at 86.

2

Plaintiff acknowledges in his affidavit that on or about April 20, 2006, he signed for and received the new employee manual. (Pl. Aff. ¶¶ 4, 7 – 10). Plaintiff acknowledges that during all of 2006 he only signed for and received a new employment manual once. (Pl. Aff. ¶ 9). Plaintiff does not allege that the signature on the Acknowledgment is not genuine. (Pl. Aff.). Instead, Plaintiff relies on his alleged failure to remember the Acknowledgment in an attempt to have the court relieve him from the agreement he signed.[2] (Pl. Aff. ¶ 9). The Acknowledgement is a valid business record maintained in Magnolia's files. (*See* Declaration of Nancy Roach – Exhibit A). Here, as in *Emeronye,* Plaintiff's lack of memory is insufficient to create a material fact in dispute as a matter of law.

### B. Plaintiff Failed To Assert Sufficient Facts To Support A Claim Of Duress.

To void a contract under a claim of duress, a plaintiff must prove he/she was virtually "held at gun point" to execute the agreement. In other words, the plaintiff must prove defendant used such extreme pressure as to force plaintiff to sign the contract without his/her free will. *Oveseas Partners, Inc. v. Progen, et. al.*, 15 F. Supp. 2d 47, 53 (D.D.C. 1998). In *Nelson v. Insignia/ESG, Inc.*, 215 F. Supp. 2d 143, 151-152 (D.D.C. 2002) the court held:

> A party faced with a clear written agreement must allege and prove fraud, duress, or mutual mistake to negate the disputed provision.
>
> * * *
>
> The party seeking to invalidate an agreement must demonstrate a claim of duress by clear and convincing

---

[2] To create a material factual dispute an adverse party must do more than merely deny an allegation. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) the U.S. Supreme Court held that the adverse party:

> must do more than simply show that there is some metaphysical doubt as to the material facts.

*Id.; See also Johnson v. Washington Metro. Area Transit Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989)(noting that summary judgment is appropriate where the non-movant supports his arguments through the use of a self-serving affidavit or declaration).

> evidence, which reflects strictness in interpretation and a high level of proof; otherwise, the parol evidence rule will be swallowed up in the exceptions.

*Id.* (relying on *Isaac v. First National Bank of Maryland, D.C.*, 647 A.2d 1159 (D.C. 1994)). In *Weaver v. Bratt*, 421 F. Supp. 2d 25, 34 (D.D.C. 2006) the court rejected a claim that an agreement had been procured by duress. In *Weaver* the court held:

> In order to state a prima facie claim of duress, the plaintiff must establish that her supervisors wrongfully threatened her, inducing her to sign the agreement under the influence of such fear as precluded her from exercising free will and judgment. The plaintiff has produced no evidence of any threats, verbal or physical, made against her.

*Id.* (internal citation removed). Likewise, in *Cole v. Burns Int'l Sec. Svc.*, 1996 U.S. Dist. LEXIS 22541 (D.D.C. 1996) defendant required plaintiff to sign an agreement if he "wanted to continue working in security services at Union Station." The *Cole* court found that a plaintiff who signed an arbitration agreement to "retain his job" had "not shown he was under economic duress." *Id.* The court granted defendant's motion to dismiss pursuant to the FAA. *Id.*

Plaintiff claims that he signed the Acknowledgement under duress because Defendant refused to give Plaintiff his paycheck until he signed the Acknowledgment. Even if true, this does not constitute duress as a matter of law. For instance in *Milgrim v. Backroads, Inc. et. al.*, 142 F. Supp. 2d 471 (S.D.N.Y 2001), defendant required plaintiff to sign a release agreeing to arbitrate any disputes arising out of a pre-paid European bike tour. Plaintiff argued she signed the agreement under duress because she would have had to pay a substantial cancellation fee if she refused to execute the release. *Id.* at 475. After plaintiff went on the tour, she attempted to sue in court, contrary to the terms of the

arbitration agreement. The court granted defendant's motion to dismiss pursuant to the Federal Arbitration Act, reasoning:

> Although Milgrim claims she was faced with the Hobson's choice of signing the Release or forfeiting all or substantially all of her trip price, **that choice, even if true, is insufficient as a matter of law to constitute duress** .

*Id.* (emphasis added).

Here, as in *Milgrim,* Plaintiff failed to present any evidence that he was threatened to the point in which he no longer had free will to reject the arbitration agreement. Most employers condition employment or continued employment on an applicant's or employee's agreement to arbitrate. Merely asking Plaintiff to sign the agreement before Defendant would issue one paycheck would not constitute duress as a matter of law.

The courts consistently recognize that adults routinely must make hard decisions when they execute contracts. Parties must evaluate whether the contractual benefits are worth the contractual obligations. Here, Plaintiff had to decide whether the benefits of employment would be worth the express obligation of resolving any disputes related to his employment through arbitration.

Plaintiff failed to present a shred of evidence that Defendant pressured Plaintiff in any way which would affect Plaintiff's free will to accept or reject the agreement to arbitrate. Rather, Plaintiff merely alleges that Defendant required Plaintiff to meet with the Human Resource Department and sign the Acknowledgement before Defendant would give Plaintiff his paycheck. Plaintiff agreed to the arbitration policy and accepted the benefits of continued employment. For these reasons, counsel for Plaintiff failed to present any evidence to support the hollow claim of duress.

### C. As A Matter Of Law, Arbitrators, Not Courts, Resolve Challenges To Arbitration Based On The Invalidity Of The Agreement

When a party challenges the arbitration agreement based on the invalidity of the entire agreement that challenge is for the arbitrator to decide.

> [I]n *Buckeye Check Cashing, Inc. v. Cardegna*, . . ., the Court clarified that, when parties agree to arbitrate all disputes arising under their contract, questions concerning the validity of the entire contract are to be resolved by the arbitrator in the first instance, not by a federal or state court.

*Preston v. Ferrer*, 128 S. Ct. 978, 981 (U.S. 2008)(relying on *Buckeye*, 546 U.S. 440 (2006)). In *Buckeye*, plaintiff challenged the validity of an arbitration agreement because they alleged the overall contract was void due to violations of state law. *Id.* The U.S. Supreme Court held:

> [A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.

*Id.* at 449. In *Buckeye* the Supreme Court noted that the validity of an arbitration agreement is severable from the existence or terms of the underlying contract. *Id.* at 448-449. The *Buckeye* court held that the FAA:

> [P]ermits a court to enforce an arbitration agreement in a contract that the arbitrator later finds to be void. But it is equally true that respondents' approach permits a court to deny effect to an arbitration provision in a contract that the court later finds to be perfectly enforceable.

*Id.* Plaintiff's argument that the court should consider the non-binding nature of "other sections of the employee manual" and render the arbitration agreement unenforceable is an issue properly for the arbitrator to decide. Requests that the court invalidate an

arbitration provision based on the terms of the entire agreement have been repeatedly rejected by the courts. *Id.*; *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967); *Qwest Communs. Corp. v. Ansari*, 2007 U.S. Dist. LEXIS 4576 (D.D.C. 2007)(a challenge to the validity of the agreement as a whole does not challenge the arbitration clause, therefore, the dispute must go to an arbitrator.); *Dowley v. Dewey Ballantine, LLP*, 2006 U.S. Dist. LEXIS 23304 (D.D.C. 2006)(Since plaintiff is challenging the partnership agreement, not specifically its arbitration clause, this matter must be resolved by an arbitrator.).

### III.     CONCLUSION

For the above reasons, as well as those contained in our earlier motion to dismiss and memorandum in support, we respectfully request that the court dismiss the Complaint.

> Respectfully submitted,
>
> **JACKSON LEWIS LLP**

March 28, 2008

By: ___/s/ Michael N. Petkovich___
Michael N. Petkovich (D.C. Bar No. 456010)
Andrew S. Cabana (D.C. Bar No. 489377)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189
(703) 821-2267 [fax]
petkovim@jacksonlewis.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify on March 28, 2008, a copy of the foregoing Defendant's Reply in Further Support of Defendant's Motion to Dismiss the Complaint Pursuant to the Federal Arbitration Act was filed with the court by electronic means; opposing party and the judge were served consistently with the instructions therein.

March 28, 2008

By: __/s/ Michael N. Petkovich__
Michael N. Petkovich (D.C. Bar No. 456010)
Andrew S. Cabana (D.C. Bar No. 489377)
JACKSON LEWIS LLP
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189
(703) 821-2267 [fax]
petkovim@jacksonlewis.com
**Attorneys for Defendant**

# EXHIBIT A

## DECLARATION OF NANCY ROACH

I, Nancy Roach, being duly sworn, depose and state the following:

1. I am over the age of eighteen and am duly competent to testify to the matters set forth herein. I have personal knowledge of the facts and statements made herein.

2. I am employed by Joseph J. Magnolia, Inc. ("Magnolia") as Director of Human Resources. One of my duties as Director of Human Resources is to ensure Magnolia's records are maintained.

3. Magnolia's records indicate Blyden A. Davis received a copy of the revised employee handbook on or about April 20, 2006. Magnolia's personnel records indicate that when he was provided with the revised handbook, Mr. Davis signed an acknowledgment. In the normal course of Magnolia's business it retained the original signed acknowledgment. It is Magnolia's regular practice to make and keep this record. A copy of the acknowledgment was previously attached to Magnolia's Motion to dismiss as Exhibit 1. (Acknowledgement – Ex. 1).

4. Magnolia's revised handbook includes Magnolia's Arbitration Policy. (Arbitration Policy – Exhibit 2). A copy of the Arbitration Policy was previously attached to Magnolia's Motion to dismiss as Exhibit 2. It is Magnolia's regular practice to distribute the handbook containing the Arbitration Policy to its employees.

5. It was Magnolia's policy to create and retain the above records in the regular course of business. I ensure these records are retained as part of my duties for

NR

Magnolia. I have absolutely no reason to doubt the accuracy of these records and believe them to be entirely accurate.

I affirm, under the laws of the United States and the District of Columbia, the foregoing five (5) numbered paragraphs are true based upon my personal knowledge.

Date: March 28, 2008

*Nancy Roach*
Nancy Roach

2

# EXHIBIT 1



# Receipt and Acknowledgment
# Of
# The Magnolia Companies

# Employment Benefits and Guidelines Manual

Please read the following statements, sign below and return to Human Resources.

**Understanding and Acknowledging Receipt of the Magnolia Companies Employment Benefits and Guidelines Manual**

I have received and read a copy of the Magnolia Companies Employment Benefits and Guidelines Manual. I understand that the policies and benefits described in it are subject to change at the sole discretion of Magnolia at any time.

**At-Will Employment**
I further understand that my employment is "at will", and neither myself nor Magnolia has entered into a contract regarding any of the terms or duration of my employment, except for the arbitration policy set forth in the employee handbook. I am free to terminate my employment with Magnolia at any time, with or without reason. Likewise, Magnolia has the right to terminate my employment, or otherwise discipline, transfer, or demote me at any time, with or without reason, at the discretion of Magnolia. No employee of Magnolia can enter into an employment contract for a specified period of time, or make any agreement contrary to this policy without written approval signed by the CEO, President.

**Arbitration**
I also acknowledge I have read and understand the Arbitration Policy contained in this Manual. I understand that Magnolia and I entered into an agreement to abide by this policy.

**Confidential Information**
I am aware that during the course of my employment confidential information will be made available to me, for instance, customer lists, billing policies, case status and other related information. I understand that this information is proprietary and critical to the success of Magnolia and must not be given out or used outside of Magnolia's premises or with non-Magnolia employees. In the event of termination of

employment, whether voluntary or involuntary, I hereby agree not to utilize or exploit this information with any other individual or company.

Release of Information under the FCRA in the event that a claim of harassment is made and investigated by third parties. I understand that Magnolia is committed to preventing work place harassment of any kind. To further that goal, Magnolia may employ third party investigators to investigate any instance where allegations of harassment arises. Therefore, I understand that I may be the future subject of an investigation as a witness, complainant or alleged wrong doer. To assist Magnolia in furthering its goals of preventing harassment in the work place, I consent to the use of such third party investigators and waive any and all rights I may have to any notice of the investigation, any reports generated from the investigation and the information contained in any communication created by any investigation under the Fair Credit Reporting Act (FCRA).

_____         _____
Employee's Printed Name                                      Position

_____         _____
Employee's Signature                                              Date

# EXHIBIT 2

## SECTION VI: ARBITRATION POLICY

### Employee's Agreement to Arbitrate

As an employee, by signing the Receipt and Acknowledgement of The Magnolia Companies Employment Benefits and Guidelines Manuel ("Acknowledgement") you acknowledged that you have read this Arbitration Policy and in consideration of, and as a condition of your continued at-will employment with J.J. Magnolia or Magnolia Plumbing ("Magnolia"), have agreed to abide by this Arbitration Policy. This Arbitration Policy will, if necessary, include arbitration as the final and binding means of resolving employee disputes regarding:
1) Any adverse employment decision that substantially affects the employee's pay;
2) Harassment as narrowly defined under D.C. and federal employment discrimination laws;
3) Retaliation involving an adverse employment action against you for engaging in protected activity as defined under D.C. and federal employment discrimination laws,
4) Any claim relating to the termination of your employment.

No other claims will be covered under this Arbitration Policy.

By signing the Acknowledgement you have agreed to arbitrate any claim including, but not limited to, claims under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964; the Family and Medical Leave Act; the Fair Labor Standards Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; the District of Columbia Human Rights Laws; District of Columbia Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim; District of Columbia Family and Medical Leave Act; District of Columbia Wage Payment and Collection Law; District of Columbia Minimum Wage Act; District of Columbia Smokers' Rights Law; District of Columbia Parental Leave Act; District of Columbia Rights of the Blind and Physically Disabled ("White Cane Act"); D.C. Pregnancy Anti-Discrimination Act; or any other law or cause of action; and, any other federal, state, or local law, ordinance or regulation, or based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including attorney's fees. You have agreed that you cannot be a class representative or a member of a class with respect to any dispute you may have against Magnolia that is subject to this Arbitration Policy. All claims and defenses which could be raised before a court must be raised in arbitration and the arbitrator will apply the law accordingly.

### Magnolia's Agreement to Arbitrate

Because this Arbitration Policy is intended to resolve all your workplace law disputes between Magnolia and its employees relating to any adverse employment decision as defined above (other than as explained below), Magnolia reciprocally and in

consideration of same will initiate or participate in arbitration regarding any matter covered by this Arbitration Policy. Claims not covered by this Arbitration Policy are claims: (i) for workers' compensation benefits; (ii) for unemployment compensation benefits; (iii) for injunctive, equitable or other relief relating to unfair competition, restrictive covenant including non-compete agreements and/or use of unauthorized disclosure of trade secrets or confidential information, as to which Magnolia or you may seek and obtain relief from a court of competent jurisdiction; (iv) based upon any stock option plan currently in existence, employee benefits and/or welfare plans that contain an appeal procedure or other procedure for the resolution of disputes under the plan, and (v) brought by federal, state, or local governmental officials in criminal court against you or Magnolia.

Nothing herein will preclude you from filing a claim with or participating in any investigation conducted by any federal, state, or local government agency.

**Class Actions and Jury Waiver**

By signing the Acknowledgment, and agreeing to abide by this Arbitration Policy you waived your right to commence, be a party to, or class member in any court action against Magnolia. Of course, if any claim is found not to be subject to this Arbitration Policy and to the arbitration procedure, it will be subject to a non-jury trial in the federal or state court that has jurisdiction over the matter at the courthouse closest to the site at which you were employed by Magnolia. The case will be heard by a judge without a jury because you and Magnolia both agree to waive any right to seek or demand a jury trial and you both would prefer to have any dispute decided solely by a judge of the court, including, but not limited to, those relating to any term and condition of, or termination from, your employment with Magnolia, including, but not limited to, any of the claims enumerated in this Arbitration Policy (other than those claims explicitly excluded).

**Arbitrator's Decision is Final**

The decision or award of the arbitrator is final and binding upon the parties to the arbitration. The arbitrator has the power to award any type of legal or equitable relief available in a court of competent jurisdiction including, but not limited to, attorney's fees, to the extent such damages are available under law. Because any arbitral award may be entered as a judgment or order in any court of competent jurisdiction, any relief or recovery to which you may be entitled upon any claim (including those arising out of employment, cessation of employment, or any claim of unlawful discrimination) will be limited to that awarded by the arbitrator.

**Appeals of an Arbitrator's Decision**

A party to arbitration may file for an appeal of a decision of an arbitrator to a panel of three arbitrators (the "panel") within thirty (30) calendar days of receipt of the arbitrator's

decision. The panel to which the appeal is brought will review the arbitrator's decision as if it is a court of appellate jurisdiction reviewing a lower court's decision. To this end, either party, at its own expense, may have the arbitration transcribed. If the arbitration is not transcribed, the panel still may evaluate the arbitrator's decision based on the decision itself as well as any other evidence it deems appropriate to consider. No bond will be required in the case of an appeal. The panel will set an appropriate schedule for the briefing of the appeal and oral argument if necessary. A judgment which is not appealed may be entered in any court having jurisdiction as a final order. The award may be vacated or modified only on the grounds specified in the Federal Arbitration Act or other applicable law. An interlocutory appeal of an arbitrator's decision may be brought before a panel where an arbitrator has breached the explicit rules of this Arbitration Policy and/or a party seeks to recuse or remove an arbitrator for legally sufficient grounds.

### Applicable Time Limits

Any claim for arbitration must be filed within the statute of limitation period set forth in the applicable law/statute at issue.

Arbitration under this Arbitration Policy will be arbitrated by a single arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA"). The arbitrator must be a lawyer licensed to practice law in Washington, D.C. A copy of the AAA National Rules for the Resolution of Employment Disputes is available for you to review at the Human Resource Department. You may contact the AAA to request a copy of these rules at 140 West 51st Street, New York, New York 10020-1203, telephone no. (212) 484-3266, fax no. (212) 307-4387 or obtain them from AAA's website (www.adr.org).

### At-Will Employment

Neither the terms nor conditions described in this Arbitration Policy are intended to create a contract of employment for a specific duration of time. Employment with Magnolia is voluntarily entered into; you are free to resign at any time. Similarly, Magnolia may terminate the employment relationship at any time for any reason, with or without prior notice. Nothing contained herein or in any other statement, whether oral or written can create a contract of employment or alter the at-will nature of your employment.

### Governing Law and Interpretation

This Arbitration Policy along with your signature on the Acknowledgment, as well as all terms and conditions of your employment, will be governed by and will be interpreted in accordance with the laws of the District of Columbia, without regard to its choice or conflict of laws provisions, to create a binding arbitration agreement. If for any reason

this Arbitration Policy is declared unenforceable, a court will interpret or modify this Arbitration Policy, to the extent necessary, for it to be enforceable. If any term or provision of this Arbitration Policy is declared unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such term or provision will immediately become null and void, leaving the remainder of this Arbitration Policy in full force and effect.

Questions of arbitrability (that is whether an issue is subject to arbitration under this Arbitration Policy) will be decided by the arbitrator. Likewise, procedural questions which arise out of the dispute and bear on it final disposition are matters for the arbitrator to decide.

This Arbitration Policy may be interpreted or modified to the extent necessary for it to be enforceable and to give effect to the parties' expressed intent to create a valid and binding arbitration procedure to resolve all disputes not expressly excluded in this Arbitration Policy. In the event any provision of this Arbitration Policy is found unlawful or unenforceable and an arbitrator (or court) declines to modify this Arbitration Policy to give effect to the parties' intent to create a valid and binding arbitration agreement then the parties agree that this Arbitration Policy will be self-amending, meaning it automatically, immediately and retroactively will be amended, modified, and/or altered to be enforceable. Other than as set forth in the above provision all other modifications of this Arbitration Policy will be in writing and signed by the company's president.

## I. Consideration

You understand that you would not be employed or continue to be employed by Magnolia unless you signed the Acknowledgement and agreed to abide by this Arbitration Policy. You further understand that, as additional consideration for signing the Acknowledgement and agreeing to abide by this Arbitration Policy, Magnolia has agreed to pay all costs of arbitration charged by the AAA and to be bound by the arbitration procedure set forth in this Arbitration Policy. Other costs will be subject to Rule 54 of the Federal Rules of Civil Procedure. You knowingly, voluntarily and free from any duress or coercion signed the Acknowledgment and agreed to abide by this Arbitration Policy.