UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
BLYDEN A. DAVIS                )
                               )
          Plaintiff,           )
                               )
                               )    Civ. No. 08-0290(EGS)
          v.                   )
                               )
JOSEPH J. MAGNOLIA, INC.,      )
                               )
          Defendant.           )
_____)
```

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss Pursuant to the Federal Arbitration Act.  Upon consideration of the Motion, the Response and Reply thereto, the applicable law and the entire record, the Court **DENIES** Defendant's Motion.

Plaintiff has alleged facts which place the making of the arbitration agreement at issue, and therefore the issue is properly one for this Court to decide.  *See* 9 U.S.C. § 4.  A motion to compel arbitration "is properly reviewed under the summary judgment standard of Rule 56(c)."  *Hughes v. CACI, Inc. -- Commercial*, 384 F. Supp. 2d 89, 92-93 (D.D.C. 2005).  This is because "inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate[,]" consideration of the motion according to the "standard used by district courts in resolving summary judgment

motions pursuant to Fed. R. Civ. P. 56(c) . . . is appropriate." *Id.* at 93 (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980)); *see also Aliron Intern., Inc. V. Cherokee Nation Industries, Inc.*, 2008 WL 2649639, *2 (D.C. Cir. 2008). Plaintiff contends that summary judgment is inappropriate at this stage because Plaintiff has not had the opportunity for limited discovery and supplementation of the record. The Court agrees. Plaintiff has properly averred that discovery is necessary pursuant to Federal Rule of Civil Procedure 56(f) and therefore, denying Defendant's Motion will not result in "duplicative litigation." *But cf. Hollis v. U.S. Dept. of Army*, 856 F.2d 1541, 1544 (D.C. Cir. 1988)(holding that district court did not err in converting Motion to Dismiss into Motion for Summary Judgment without providing notice and opportunity to supplement record where it was clear that the dispositive facts would remain undisputed and unchanged and no prejudice would result). Unlike in *Hollis*, the dispositive facts in this case may change after an opportunity for discovery.

Accordingly, it is hereby **ORDERED** that defendant's Motion to Dismiss is **DENIED**; and it is

**FURTHER ORDERED** that Defendant shall file a responsive pleading no later than August 25, 2008.

So **ORDERED**.

**Signed:   Emmet G. Sullivan**

```
United States District Judge
July 31, 2008
```