UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLYDEN DAVIS,<br><br>  Plaintiff,<br><br>v.<br><br>JOSEPH J. MAGNOLIA, INC.,<br><br>  Defendant. | :<br>:<br>:<br>:<br>:  Case No. 1:08-CV00290 -EGS<br>:<br>:<br>:<br>: |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Joseph J. Magnolia, Inc., ("Magnolia"), through counsel, answer Counts I, II and III of Plaintiff's Original Complaint as follows.

### I. The Parties

**PARAGRAPH NO. 1**

Plaintiff Blyden Davis is an African American male resident of Bowie, Maryland. At all times relevant to this action, Plaintiff was employed by Defendant as an Operator and/or Laborer in Washington, DC.

**ANSWER PARAGRAPH NO. 1:**

Magnolia lacks sufficient information to admit or deny Plaintiff is a resident of Bowie, Maryland. Magnolia admits the remaining allegations in paragraph 1.

**PARAGRAPH NO. 2**

Defendant Joseph J. Magnolia, Inc. is a for-profit Maryland corporation with its headquarters in Washington, DC. Its District of Columbia Registered Agent is HIQ Corporate Services, Inc.

### ANSWER PARAGRAPH NO. 2:

Magnolia admits the allegations in paragraph 2.

## II. Jurisdiction and Venue

### PARAGRAPH NO. 3

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

### ANSWER PARAGRAPH NO. 3:

Magnolia denies the allegations in paragraph 3.

### PARAGRAPH NO. 4

Venue is proper in this judicial district pursuant to 42 U.S.C. § 1391.

### ANSWER PARAGRAPH NO. 4:

Magnolia denies the allegations in paragraph 4.

## III. Exhaustion of Administrative Remedies

### PARAGRAPH NO. 5

Plaintiff filed a complaint of hostile work environment based on race and retaliation with the District of Columbia Office of Human Rights ("OHR"), which complaint was cross filed with the U.S. Equal Employment Opportunity Commission ("EEOC") pursuant to a worksharing agreement between those two agencies, or about January 6, 2006.

**ANSWER PARAGRAPH NO. 5:**

Magnolia admits Plaintiff filed a complaint of hostile work environment based on race and retaliation with the District of Columbia Office of Human Rights ("OHR") in January 2006. Magnolia lacks sufficient information to admit or deny the remaining allegations in paragraph 5, to the extent a response is required, Magnolia denies the remaining allegations in paragraph 5.

**PARAGRAPH NO. 6**

On or about May 11, 2006, Plaintiff supplemented his OHR complaint to include an additional retaliation claim based on his termination by Defendant on or about May 4, 2006.

**ANSWER PARAGRAPH NO. 6:**

Magnolia admits Plaintiff filed a retaliation claim with OHR based on his termination. Magnolia denies the remaining allegations in paragraph 6.

**PARAGRAPH NO. 7**

On or about December 1, 2006, OHR mailed a Letter of Determination to Plaintiff, finding that there was no probable cause.

**ANSWER PARAGRAPH NO. 7:**

On information and belief, Magnolia admits OHR mailed a Letter of Determination to Plaintiff, finding that there was no probable cause. Magnolia lacks sufficient information to admit or deny the remaining allegations in paragraph 7, to the extent an answer is required, Magnolia denies the remaining allegation in paragraph 7.

**PARAGRAPH NO. 8**

On or about December 16, 2006, Plaintiff requested a Substantial Weight Review from the EEOC.

**ANSWER PARAGRAPH NO. 8:**

Magnolia lacks sufficient information to admit or deny the allegations in paragraph 8, to the extent an answer is required, Magnolia denies the allegations in paragraph 8.

**PARAGRAPH NO. 9**

On or about December 3, 2007, the EEOC mailed Plaintiff a letter indicating that it was adopting the OHR's decision, and that Plaintiff could file suit in court within 90 days of his receipt of the EEOC's letter.

**ANSWER PARAGRAPH NO. 9:**

On information and belief, Magnolia admits the EEOC mailed Plaintiff a notice indicating that it was adopting the OHR's decision, and that Plaintiff could file suit in court within 90 days of his receipt of the EEOC's notice. Magnolia lacks sufficient information to admit or deny the remaining allegations in paragraph 9.

**PARAGRAPH NO. 10**

Plaintiff is filing suit within 90 days of receipt of the EEOC's "Right to Sue" letter.

**ANSWER PARAGRAPH NO. 10:**

On information and belief, Magnolia denies the allegations in paragraph 10.

**PARAGRAPH NO. 11**

All required administrative remedies have been exhausted.

**ANSWER PARAGRAPH NO. 11:**

The allegation that "All required administrative remedies have been exhausted" calls for a legal conclusion to which no response is required. To the extent a response is deemed to be required the allegation is denied.

### IV. Background Facts

**PARAGRAPH NO. 12**

Blyden Davis, who was hired as an equipment operator, worked for Defendant in the District of Columbia from March 2005 through his termination in May 2006.

**ANSWER PARAGRAPH NO. 12:**

Magnolia admits Blyden Davis was hired as an equipment operator and worked for Magnolia until his termination in May 2006. Magnolia denies the remaining allegations in paragraph 12.

**PARAGRAPH NO. 13**

In July 2005, Mr. Davis' supervisor (white) referred to Mr. Davis as a "Nigger."

**ANSWER PARAGRAPH NO. 13:**

Magnolia denies the allegation in paragraph 13.

**PARAGRAPH NO. 14**

On or about October 17, 2005, Plaintiff complained to Defendant's human resources office regarding this incident and the hostile work environment to which he had otherwise had been

subjected based on this race (African American).

**ANSWER PARAGRAPH NO. 14:**

Magnolia admits on or about October 17, 2005, Plaintiff complained to Magnolia's human resources office regarding an incident he alleged was based on race (African American). Magnolia denies the remaining allegations in paragraph 14.

**PARAGRAPH NO. 15**

Approximately one week after he complained to Defendant's human resources office, Plaintiff was transferred to work under a different supervisor

**ANSWER PARAGRAPH NO. 15:**

Magnolia admits Plaintiff was transferred to work under a different supervisor. Magnolia denies the remaining allegations in paragraph 15.

**PARAGRAPH NO. 16**

On or about January 6, 2006, Mr. Davis filed a complaint with OHR.

**ANSWER PARAGRAPH NO. 16:**

Magnolia admits in January 2006, Mr. Davis filed a complaint with OHR. Magnolia denies the remaining allegations in paragraph 16.

**PARAGRAPH NO. 17**

Since complaining internally to Defendant's human resources office and since his complaint to OHR, Defendant reprimanded Plaintiff on numerous occasions by issuing him unfounded or otherwise concocted warnings in retaliation for his engaging in the protected activity of

6

complaining of unlawful discrimination and retaliation, and continued to endure a hostile work environment based on race and retaliation.

**ANSWER PARAGRAPH NO. 17:**

Magnolia admits it reprimanded Plaintiff and issued Plaintiff warnings. Magnolia denies the remaining allegations in paragraph 17.

**PARAGRAPH NO. 18**

On May 3, 2006, during the pendency of his OHR complaint processing, Mr. Davis' employment was terminated by Defendant.

**ANSWER PARAGRAPH NO. 18:**

Magnolia admits the allegations in paragraph 18.

**COUNT I**

**DISCRIMINATION BASED ON RACE AND COLOR**

**PARAGRAPH NO. 19**

Plaintiff adopts and incorporates by reference herein each and every preceding paragraph.

**ANSWER PARAGRAPH NO. 19:**

Magnolia restates its responses to paragraphs 1 through 18.

**PARAGRAPH NO. 20**

The conduct described above including but not limited to numerous reprimands, transferring Plaintiff from his position, subjecting Plaintiff to a hostile work environment and terminating

him was motivated by Mr. Davis' race and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* and the D.C. Human Rights Act.

**ANSWER PARAGRAPH NO. 20:**

Magnolia admits Plaintiff was reprimanded, transferred and terminated. Magnolia denies the remaining allegations in paragraph 20.

**PARAGRAPH NO. 21**

As a result of the discriminatory conduct described above, Mr. Davis has suffered considerable injury, both economically and emotionally.

**ANSWER PARAGRAPH NO. 21:**

Magnolia denies the allegations in paragraph 21.

**COUNT II**

**HOSTILE WORK ENVRIONMENT**

**PARAGRAPH NO. 22**

Plaintiff adopts and incorporates by reference herein each and every preceding paragraph.

**ANSWER PARAGRAPH NO. 22:**

Magnolia restates its responses to paragraphs 1 through 21.

**PARAGRAPH NO. 23**

As a result of the herein described retaliatory and/or discriminatory conduct the Defendant has subjected Mr. Davis to a hostile work environment based on his race and color and/or retaliation

in violation of Title of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the D.C. Human Rights Act.

**ANSWER PARAGRAPH NO. 23:**

Magnolia denies the allegations in paragraph 23.

### COUNT III

### RETALIATON FOR ENGAGNING IN PROTECTED ACTIVITY

**PARAGRAPH NO. 24**

Plaintiff adopts and incorporates by reference herein each and every preceding paragraph.

**ANSWER PARAGRAPH NO. 24:**

Magnolia restates its responses to paragraphs 1 through 23.

**PARAGRAPH NO. 25**

The conduct described above including but not limited to numerous reprimands, transferring Plaintiff from his position, subjecting Plaintiff to a hostile work environment and terminating him, was also motivated by retaliation for Mr. Davis' internal and external (OHR) discrimination complaints in further violation of the Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000 *et seq.* and the D.C. Human Rights Act.

**ANSWER PARAGRAPH NO. 25:**

Magnolia admits Plaintiff was reprimanded, transferred and terminated. Magnolia denies the remaining allegations in paragraph 25.

**PARAGRAPH NO. 26**

The retaliatory conduct described above constituted a materially adverse employment action. Mr. Davis was unjustly disciplined and terminated, and thereby incurred damages including but not limited to damage to promotion potential and elibility *(sic)* for future employment. The Defendant's retaliatory conduct additionally caused Mr. Davis to suffer emotional pain and suffering.

**ANSWER PARAGRAPH NO. 26:**

Magnolia admits Plaintiff was disciplined and terminated. Magnolia denies the remaining allegations in paragraph 26.

**GENERAL DENIAL**

Magnolia denies all the allegations not expressly admitted herein.

**ADDITIONAL DEFENSES**

First Additional Defense

The Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

Second Additional Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation and jurisdictional prerequisites to suit.

Third Additional Defense

Plaintiff's claims are barred, in whole or in part, by estoppel, release, laches, unclean hands, offset, recoupment, reimbursement, set-off or waiver.

<u>Fourth Additional Defense</u>

Plaintiff's claims for damages are barred or reduced by his mitigation of alleged damages, or by his failure to mitigate the alleged damages.

<u>Fifth Additional Defense</u>

At all times relevant hereto, Magnolia acted in good faith and did not violate any rights that may be secured to Plaintiff under any federal, state, or local laws, rule, regulations or guidelines.

<u>Sixth Additional Defense</u>

Plaintiff's claims are barred to the extent discovery may show Plaintiff engaged in misconduct during or after his employment.

<u>Seventh Additional Defense</u>

Plaintiff's claims for damages are barred or reduced by his failure to suffer and/or by his inability to prove actual damages.

<u>Eighth Additional Defense</u>

Plaintiff's claims are barred because all actions taken by Magnolia were for legitimate business reasons and were taken without regard to any alleged protected activity.

<u>Ninth Additional Defense</u>

Plaintiff's claims are barred, in whole or in part, by his failure to engage in protected activity.

<u>Tenth Additional Defense</u>

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to properly exhaust his statutory or administrative remedies for the alleged conduct.

Eleventh Additional Defense

Plaintiff's claims are barred in whole or in part because Magnolia was exercising its business judgment in acquiescing in its client's demand for Plaintiff's removal.

Twelfth Additional Defense

Plaintiff's claims are barred in whole or in part because Plaintiff was required to arbitrate all the claims in this case.

WHEREFORE, Defendant, Magnolia denies Plaintiff is entitled to the relief sought in Plaintiff's Complaint or any relief or damages by virtue of the allegations in his Complaint. Magnolia respectfully requests that Plaintiff's claims be dismissed with prejudice; that Plaintiff take nothing by reason of said Complaint or any of the claims set forth in Counts I – III therein. Magnolia further requests that the Court assess attorney's fees on Plaintiff and any further relief it deems just and proper.

                                              Respectfully submitted

By:     s//   Michael N. Petkovich
       Michael N. Petkovich, Esq., (D.C. Bar No. 456010)
       Andrew S. Cabana, Esq., (D.C. Bar No. 489377)
       Jackson Lewis LLP
       10701 Parkridge Boulevard
       Suite 300
       Reston, VA  20191
       (703) 483-8300 – Phone
       (703) 483-8301 – Fax
       petkovim@jacksonlewis.com
       cabanaa@jacksonlewis.com
       Attorneys for Joseph J. Magnolia, Inc.

## CERTIFICATE OF SERVICE

I hereby certify on August 25, 2008, a copy of the foregoing Defendant's *Answer* to Plaintiff's Complaint was filed with the court by electronic means; opposing parties and the judge were served consistently with the instructions therein.

**JACKSON LEWIS LLP**

August 25, 2008

By: __/s/ Michael N. Petkovich__
Michael N. Petkovich (D.C. Bar No. 456010)
Andrew S. Cabana (D.C. Bar No. 489377)
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189
(703) 821-2267 [fax]
petkovim@jacksonlewis.com
cabanaa@jacksonlewis.com
**Attorneys for Magnolia**