```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
BLYDEN A. DAVIS,              )
                              )
            Plaintiff,        )
                              )
     v.                       )    Civ. Action No. 08-290 (EGS)
                              )
JOSEPH J. MAGNOLIA, INC.,     )
                              )
            Defendant.        )
_____)
```

## **MEMORANDUM OPINION**

Plaintiff Blyden A. Davis filed discrimination and retaliation claims against defendant Joseph J. Magnolia, Inc., his former employer, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq*. On September 30, 2011, the Court granted in part and denied in part defendant's motion for summary judgment, dismissing all of plaintiff's claims except for one claim of Title VII discrimination. Plaintiff and defendant have each moved for reconsideration of Court's ruling. Defendant challenges the Court's denial of summary judgment on the remaining claim in this case for discrimination in violation of Title VII. Plaintiff challenges the Court's grant of summary judgment dismissing his retaliation claim. Upon consideration of the motions, the responses and replies thereto, the

applicable law, the entire record, and for the reasons stated herein, the Court hereby **DENIES** defendant's motion for reconsideration and **DENIES** plaintiff's motion for reconsideration.

## I.   BACKGROUND

The factual background of this case has been set forth in the Court's prior opinions and will not be repeated here unless relevant to the pending motions.

Plaintiff, who is African-American, was hired by defendant in April 2005 as a heavy equipment operator working at construction job sites.  Soon after being hired, plaintiff received two or three oral warnings in May 2005 concerning his inability to operate heavy equipment, followed by a written warning issued on June 2, 2005.  The warning stated that plaintiff was unable to operate heavy equipment as required by the job, and plaintiff was transferred to a new crew, supervised by Foreman Jeff Forsythe.

Plaintiff alleges that while working with the new crew, in July 2005, a fellow employee informed him that Forsythe had referred to plaintiff as a "nigger."  Plaintiff made an internal complaint regarding Forsythe's allegedly discriminatory conduct on October 17, 2005.  Following an investigation, Forsythe received a written warning for violation of company procedures and unsatisfactory behavior towards employees or customers.

2

On November 2, 2005, while still working on Forsythe's crew, plaintiff received another written warning. This warning stated that plaintiff had been insubordinate and violated company policies by failing to take a required training class. The warning specified that it was the "final warning before discharge."

In its September 30, 2011 Opinion, the Court found that with respect to all but one of the allegedly discriminatory actions, defendant had produced legitimate, non-discriminatory reasons for the action, and summary judgment was appropriate for defendant. With respect to one of the allegedly discriminatory actions, however, the Court found that plaintiff had produced "sufficient evidence from which a reasonable jury could infer intentional discrimination." Sept. 30, 2011 Op. at 13. Specifically, the Court found that with respect to the November 2005 written warning, plaintiff had identified "sufficient, albeit circumstantial, evidence from which a reasonable jury could infer that Forsythe's decision to issue plaintiff a written reprimand was the result of intentional discrimination." *Id*. at 15.

The Court also granted defendant's motion for summary judgment on plaintiff's claim of retaliation. Although the Court found that plaintiff had established a *prima facie* case of retaliation, the Court found that defendant had produced

legitimate, non-discriminatory reasons for the November 2005 and January 2006 written warnings and plaintiff's termination in May 2006. Sept. 30, 2011 Op. at 30. The Court rejected plaintiff's arguments regarding the temporal proximity of plaintiff's complaints in October 2005 and January 2006 and the written warnings. Sept. 30, 2011 Op. at 31 (citing *Talavera v. Shah*, 638 F.3d 303, 313 (D.C. Cir. 2011) ("[P]ositive evidence beyond mere proximity is required to defeat the presumption that the proffered explanations are genuine.")).

Defendant, in its motion for reconsideration, asks the Court to grant summary judgment in favor of defendant on plaintiff's sole remaining claim in the case: that plaintiff's supervisor discriminated against him by issuing a written warning allegedly as a result of plaintiff's failure to re-take a training course. In support of its motion, defendant asks the Court to consider "supplemental" facts that it did not submit in support of its initial motion. Defendant also argues that a single, written warning cannot, as a matter of law, qualify as an "adverse employment action" under Title VII.

Plaintiff, in his motion for reconsideration, argues that the Court should reverse its grant of summary judgment in favor of defendant on plaintiff's claims of retaliation under Title VII. Specifically, plaintiff argues that the Court overlooked evidence in the record that defendant's reasons for disciplining

4

plaintiff were without basis, pretextual, or involve disputed material facts.

**II.   STANDARD OF REVIEW**

**A. Motion for Reconsideration**

Under Rule 54(b) of the Federal Rules of Civil Procedure, the district court may revise its own interlocutory orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.  Fed. R. Civ. P. 54(b).  The United States Court of Appeals for the District of Columbia has provided that relief under 54(b) is available "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc*, 630 F.d 217, 227 (D.C. Cir. 2011). However, a motion for reconsideration is discretionary and should not be granted unless the movant presents either newly discovered evidence or errors of law or fact that need correction.  *Nat'l Trust for Hist. Pres. v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993).  Motions for reconsideration cannot be used as "an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010) (internal citations omitted); *accord Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (denying motion for reconsideration of summary judgment ruling where party

sought to reargue theories and to supplement its inadequate summary judgment briefing).

**B. Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Though the Court must draw all reasonable inferences in favor of the non-moving party in deciding whether there is a disputed issue of material fact, "[t]he mere existence of a scintilla of evidence in support of the [non-movant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

In the District of Columbia, Local Civil Rule 7(h) requires that a motion for summary judgment "shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement."  Local Civ. R. 7(h).  This rule "places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101

F.3d 145, 151 (D.C. Cir. 1996) (citing *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988)).  Courts in this Circuit have required strict adherence to this rule.  *See, e.g., id.* (affirming district court's denial of plaintiff's motion to supplement its statement of material fact with additional facts).

### III. DISCUSSION

#### A. Defendant's Motion for Reconsideration

As an initial matter, defendant's motion for reconsideration fails to set forth the applicable standard of review for a motion for reconsideration and does not make clear on what basis defendant seeks to have the Court reconsider its prior opinion.  On reply, defendant clarifies that it is seeking reconsideration because "the undisputed facts establish [that] Forsythe did not even know about, let alone request, prepare, or issue the November 2005 written reprimand."  Def.'s Reply in Supp. of Mot. for Recons. ("Def.'s Reply"), ECF No. 59, at 6.  Defendant argues that the Court's September 30, 2011 Opinion is based on the erroneous conclusion that "Forsythe's decision to issue plaintiff a written reprimand was the result of intentional discrimination."  *Id*.

The Court reached no such conclusion.  The language quoted by defendant states in full that "[p]laintiff has therefore identified sufficient, albeit circumstantial, evidence from

7

which a reasonable jury could infer that Forsythe's decision to issue plaintiff a written reprimand was the result of intentional discrimination." Sept. 30, 2011 Op. at 15. This was the Court's conclusion that summary judgment was inappropriate and that the issue of whether plaintiff had been discriminated against should be left to the trier of fact.

In support of its motion, defendant submits a "Supplemental Statement of Material Undisputed Facts" listing additional facts and citing to exhibits not submitted in support of defendant's motion for summary judgment. *See* Docket No. 54-2. Defendant alleges on reply that "[n]ewly discovered and supplemental evidence are appropriate reasons to grant a motion for reconsideration" and cites several cases.

While it is certainly true that newly-*discovered* evidence may be considered on a motion for reconsideration, a party may not rely on facts that could have been alleged in the underlying motion but were not. *See S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010) (motions for reconsideration cannot be used as an opportunity to present theories or arguments that could have been advanced earlier); *Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (denying motion for reconsideration of summary judgment ruling where party sought to reargue theories and to supplement its inadequate summary judgment briefing). Defendant cites to *Gallant v. Telebrands*

8

*Corp.*, 35 F. Supp. 2d 378 (D.N.J. 1998), a case from outside this Circuit, as support for the proposition that "supplemental" facts may be considered on a motion for reconsideration. Although that court used the word "supplemental" interchangeably with "newly-discovered," the opinion makes clear that the court determined that the new facts it was considering were, in fact, newly-discovered. Indeed, the court noted that it was "undisputed" that the relevant information had not been produced to the moving party until more than a year and a half after the court's summary judgment order. *Gallant*, 35 F. Supp. 2d at 395. The court concluded that the evidence was newly-discovered and could properly be considered by the court on a motion for reconsideration. *Id*.

In contrast, defendant has not alleged that the evidence cited in its Supplemental Statement of Facts was in any way unavailable, unknown, or undiscovered at the time that defendant moved for summary judgment. Indeed, much of the evidence appears to cite to deposition testimony that predates defendant's August 16, 2010 motion for summary judgment. *See, e.g.,* Ex. 4 to Def.'s Supp. Statement of Material Facts, Docket No. 54-6 (Dec. 18, 2009 B. Davis Dep.); Ex. 5 to Def.'s Supp. Statement of Material Facts, Docket No. 54-7 (Mar. 24. 2010 J. Kulp Dep.); Ex. 7 to Def.'s Supp. Statement of Material Facts, Docket No. 54-9 (Jun. 23, 2010 B. Woldemichael Dep.). Other

9

evidence consists of supplemental declarations prepared by defendant's employees, who were deposed prior to the filing of summary judgment and who submitted declarations in support of defendant's summary judgment brief. *See, e.g.*, Ex. 11 to Def.'s Supp. Statement of Material Facts, Docket No. 54-13 (Second Supp. Decl. of B. Woldemichael). None of this information is "newly-discovered." Accordingly, this evidence is not properly before the Court.

Defendant also argues that the Court made an error of law in denying summary judgment because a written warning cannot constitute an "adverse employment action." Defendant argued this issue in its reply in support of summary judgment, *see* Docket No. 44 at 17, and the issue was considered by the Court in its Opinion. *See* Sept. 30, 2011 Op. at 29. The Court rejected defendant's argument, finding that "plaintiff has produced sufficient evidence to demonstrate that the written warnings issued to plaintiff in November 2005 and January 2006 'led to a more tangible form of adverse action' because they contributed to plaintiff's termination, or at least this is a materially disputed fact." *Id*. (citing Def.'s Ex. 25). The Court cited case law in support. *Id*. (citing *Hyson v. Architect of the Capitol*, Civ. No. 08-979, 2011 U.S. Dist. LEXIS 88300, at *40 (D.D.C. Aug. 10, 2011) ("A letter of counseling, written reprimand, or unsatisfactory performance review, *if not . . . a*

*predicate for a more tangible form of adverse action*, will rarely constitute materially adverse action under Title VII." (emphasis added)).  Accordingly, because the Court already considered and rejected this argument, and because defendant has not presented any change in law or error in the Court's ruling, defendant's motion for reconsideration is **DENIED**.

### B. Plaintiff's Motion for Reconsideration

Plaintiff has cross-moved for reconsideration, alleging that the Court "overlooked key facts and/or did not consider important factual disputes in the record."  Pl.'s Mot. for Recons. at 3.  Specifically, plaintiff requests that the Court reverse its earlier grant of summary judgment with respect to plaintiff's retaliation claims.  *Id*. at 1.  Plaintiff argues that the Court erred in finding that plaintiff had failed to discredit defendant's legitimate business reasons for issuing the warnings.

1. November 2005 Warning

Plaintiff argues that the temporal proximity (two weeks) between the November 2005 warning and plaintiff's prior complaint is "remarkable" and establishes the basis for a causal connection.  As discussed in the Court's Opinion, this temporal proximity is insufficient to establish causation.  Sept. 30, 2011 Op. at 31 ("Plaintiff has failed to provide any evidence, other than sheer temporal proximity, that would allow a

reasonable jury to infer that Forsythe's motive in issuing the written warning was retaliatory."). The Court cited *Talavera v. Shah*, which held that "positive evidence beyond mere proximity is required to defeat the presumption that the proffered explanations are genuine." 638 F.3d 303, 313 (D.C. Cir. 2011). Plaintiff, in repeating the arguments from his prior briefing, has cited no basis for the Court to reconsider its decision.

Plaintiff also argues that an issue of material fact remains as to whether plaintiff indeed refused to take the flagging class and/or refused to take the test administered thereafter. Upon review of the statement of material fact submitted by defendant in support of its motion for summary judgment, and plaintiff's response, the Court finds that there is no issue of material fact as to whether plaintiff refused to take the test. *See* Pl.'s Opp. to Def.'s SOF ¶¶ 57-61, ECF No. 43-1. Specifically, the Court finds that plaintiff admitted statements regarding his unwillingness to take the test. *See id*. To the extent that plaintiff is arguing that there is a difference between "refusing" to do something and indicating that one is "unwilling" to do something, the Court finds that no issue of material fact exists.

2. January 2006 Warning

Plaintiff also challenges the Court's finding that defendant provided a legitimate, non-retaliatory reason for

issuing the January 2006 written warning, which resulted from plaintiff's damage to company property and the failure to report that damage in violation of company policy.  The policy states that "All injuries, accidents and vehicular accidents occurring or caused by Joseph J. Magnolia, Inc. employees must be reported to supervision immediately upon occurrence."  Pl.'s Resp. to Def.'s SOF ¶ 22, ECF No. 43-1.

Plaintiff asserts that the "Court overlooked the fact that plaintiff violated no company policy in his failure to report the damage."  Pl.'s Mot. for Recons. at 6.  Plaintiff argues that the policy makes clear that an accident must be reported, but does not define by whom it must be reported.  Plaintiff asserts that although he signed the warning and indicated that he agreed with his employer's statement, he did not violate company policy.[1]  Plaintiff claims that this is evidence of pretext that is sufficient to survive summary judgment on retaliation.  Plaintiff contends that this fact, "combined with the stunning temporal proximity" of the warning and plaintiff's complaint, is evidence of prextext.  Pl.'s Mot. for Recons. at 7.

---

[1] Plaintiff also disputed this issue during the summary judgment briefing.  See Pl.'s Resp. to Def.'s SOF ¶ 22, ECF No. 43-1 (arguing that although plaintiff had agreed during his deposition that he knew he was required to report an accident, that the policy only required that the accident be reported by an employee, not only the employee involved in the accident).

The Court disagrees. As discussed above, temporal proximity, standing alone, is insufficient to establish that proffered explanations are not genuine. Furthermore, regardless of what the policy actually required, it appears that plaintiff and his employer had the same understanding at the time of the accident that the policy required plaintiff to report the accident. Shortly after the accident, plaintiff signed an employee warning report that indicated it was a warning for "violation of company policy/procedures." Def.'s Ex. 17. The report stated that plaintiff "did not report the accident to his supervisor or the Safety Director." *Id*. Plaintiff also agreed at his deposition that he failed to report the accident in violation of company policy. *See* Pl.'s Resp. to Def.'s SOF ¶ 22 (citing deposition testimony in which plaintiff agreed that he was required to report all accidents immediately after they occurred). The Court declines to find evidence of pretext where plaintiff and his employer shared the same understanding of the company policy at the time of the accident and, indeed, through the time of plaintiff's deposition. Accordingly, plaintiff has not set forth any evidence sufficient for a reasonable jury to believe that defendant's stated reason was not the actual reason for the January 2006 warning. *See Ford v. Mabus*, 629 F.3d 198, 201 (D.C. Cir. 2010).

**IV. CONCLUSION**

For all of the foregoing reasons, defendant's motion for reconsideration is **DENIED** and plaintiff's cross-motion for reconsideration is **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:    Emmet G. Sullivan**
**            United States District Court Judge**
**            September 28, 2012**